Ronald D. Mercaldo (State Bar No. 002753)
Marco B. Mercaldo (State Bar No. 20241)
Carlo N. Mercaldo (State Bar No. 23361)
MERCALDO LAW FIRM
1853 North Kolb Road
Tucson, AZ 85715
Tel: (520) 624-1400
Fax: (520) 624-1955
ron@mercaldo.com
marco@mercaldo.com
carlo@mercaldo.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HARRY EUGENE LATHAM and VERNA L. LATHAM, husband and wife, | Case No. _____ |
| Plaintiffs, | COMPLAINT |
| vs. | (Medical Malpractice) |
| UNITED STATES OF AMERICA, | |
| Defendant, | |

Plaintiffs, for their cause of action against the Defendant, allege as follows:

## PARTIES

1.   Plaintiffs Harry Latham and Verna L. Latham reside in Benson, Pima County Arizona, within the District of Arizona.

2. The acts and omissions complained of herein occurred at or near Tucson, Pima County, Arizona, in the District of Arizona.

3. Defendant United States of America operates a licensed health care facility and hospital known as the Department of Veterans Affairs, Southern Arizona Veteran's Administration Health Care, at 3601 South 6th Avenue, Tucson, Pima County, Arizona.

4. Defendant United States of America, in operating the Southern Arizona Veteran's Administration Health Care facility and hospital, holds itself out as using that degree of care, skill, diligence and attention used by hospitals generally in the community in the care and treatment of its patients.

5. The Southern Arizona Veteran's Administration Health Care facility and hospital operated by Defendant United States of America employs, among others, doctors, nurses, interns, residents, student nurses, nurses' aides, Tucson Hospitals Medical Education Program (hereinafter referred to as "THEMP") residents, and other hospital and health care personnel over whom it exercises exclusive control and supervision, with the right to employ and discharge such employees.

6. Tucson Hospitals Medical Education Program ("THEMP") residents were at all material times, and upon information and belief, practicing medicine at the Southern Arizona Veteran's Administration Health Care facility, located at 3601

South 6th Avenue, Tucson, Arizona, and are, and were, employees of Defendant, acting within the course and scope of their employment.

7. Defendant also employed nurses and other medical providers whose conduct may be at issue in this action.

8. Plaintiff Harry Eugene Latham, at all times material, was a retired veteran receiving health care at the Southern Arizona Veteran's Administration Health Care (hereinafter referred to as "the Tucson VA") at 3601 South 6th Avenue, Tucson, Arizona.

## JURISDICTION AND VENUE

9. Plaintiffs bring this action pursuant to the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code.

10. Venue is proper because the amount in controversy exceeds the minimal jurisdictional limits of this Court.

11. This Court has personal jurisdiction over the Defendant.

12. On October 4, 2016, Plaintiffs submitted claims based on these allegations of medical negligence to the appropriate federal agencies, the Department of Veterans Affairs and the Southern Arizona Veteran's Administration Health Care facility in Tucson, Arizona. The Department of Veterans Affairs issued its denial on March 6, 2017.

## FACTUAL ALLEGATIONS

13. On February 25, 2015, Plaintiff Harry Latham had a pre-operative chest x-ray at the Tucson VA, ordered by a THEMP resident who was at the end of his rotation.

14. The result of the chest x-ray taken February 25, 2015, indicated a speculated nodule in the right apex, a possible new mass. This finding was highly indicative of early stage lung cancer. Recommendation was made for a chest CT.

15. The THMEP resident left his rotation at the Tucson VA without addressing the associated view alert relating to the February 25, 2015 chest x-ray.

16. No healthcare provider for the Tucson VA took any action in response to this very critical finding.

17. Plaintiff was never notified by Defendant of the results of the February 25, 2015 chest x-ray, nor were they follow up on by the Tucson VA.

18. On February 3, 2016, Plaintiff recalled taking the chest x-ray a year earlier and called for the results. Mr. Latham was given the results. A CT was ordered, and he was asked to call the radiology department as soon as possible.

19. The Chest CT was performed on February 16, 2016 at the Tucson VA. The CT showed a speculated, solid 3. 1x2.6x2.5 cm mass on the posterior right upper lobe, extending across the cephalad aspect of the major fissure into the superior

segment of the right lower lobe, worrisome for malignancy until proven otherwise. Biopsy was recommended.

20. On February 26, 2016, Plaintiff had a telephone conversation with Tucson VA physician Robert J. Guerra, M.D. (Physician, Surgical Care Line). Mr. Latham asked Dr. Guerra how this happened. Dr. Guerra told Mr. Latham a resident had left without addressing the view alert.

21. Mr. Latham's lung biopsy was performed on April 11, 2016, which confirmed lung cancer. Subsequent biopsies confirmed metastasis in the liver and spleen. A PET Scan was performed on April 28, 2016. The results of the PET Scan have staged Mr. Latham's cancer at Stage IV.

22. Mr. Latham's oncologist has stated that at this advanced stage, Mr. Latham's cancer is inoperable, and the only treatment options are palliative, and nothing further can be done.

23. Had Mr. Latham's cancer been appropriately diagnosed and treated in February, 2015, it would have been treatable and curable.

24. Due to the advanced nature of his cancer, occurring as a result of the delays in treatment by the Defendant, Mr. Latham will, to a reasonable degree of medical probability, suffer a painful and premature death.

## COUNT ONE

(Negligence/Medical Malpractice)

25  Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs of this Complaint, as if set forth fully herein.

26. Defendant, its employees, agents and servants, owed a duty of care to the Plaintiff. The Defendant in treating the Plaintiff, breached its duty to the Plaintiff and deviated from the applicable medical standards of care by negligently failing to address and communicate the results of the February 25, 2015, chest x-ray to Plaintiff and his physicians.

27. As a result of Defendant's negligence, carelessness, and failures to meet the applicable medical standards of care, Plaintiff is diagnosed with untreatable, Stage IV lung cancer, which, had the Defendant timely addressed and communicated the results of the February 25, 2015, chest x-ray, would have been treatable and curable.

28. The above-stated negligence, carelessness, and malpractice of the agents and employees of Defendant described above has caused serious and permanent injuries and damages to Plaintiff Harry Latham, resulting in advanced-stage lung cancer, loss of chance, and probable premature loss of life.

29. As a result of the negligence, carelessness, and malpractice of the agents and employees of Defendant described above, Plaintiff Harry Latham has suffered pain, mental anguish, bodily injury, permanent damages, diminished life expectancy requiring medical care and treatment, disability, and medical and

hospital expenses, and will continue in the future to suffer pain, mental anguish, bodily injury, permanent damages, diminished life expectancy requiring medical care and treatment, disability, and medical and hospital expenses.

30.  As a result of the negligence of the Defendant, Plaintiff Verna L. Latham has suffered loss of the love, care, guidance and support of her husband.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, in an amount which will compensate them for their injuries/damages sustained herein, for the costs of this action, and for such other and further relief as the Court deems just and reasonable.

## COUNT TWO

### (Medical Negligence)

31.  Plaintiffs re-allege and incorporate all allegations contained in Count One with the same force and effect as if fully stated herein.

32.  Defendant owed Plaintiff Harry Latham a duty to make reasonable adequate hiring/staffing, training decisions, and to reasonably control the conduct of its employees, agents and ostensible agents of the Tucson VA.

33.  Defendant breached their duty of care owed to the Plaintiff set forth above, as well as other duties, and failed to act as a reasonably prudent medical provider in its care and treatment of Plaintiff Harry Latham.

34. That these acts and/or omissions resulted in Plaintiff Harry Latham's advanced-stage lung cancer, causing significant injury and disability.

35. As a direct and proximately result of the negligence of the Defendant, Plaintiff Harry Latham has suffered pain, mental anguish, bodily injury, permanent damages, diminished life expectancy requiring medical care and treatment, disability, and medical and hospital expenses, and will continue in the future to suffer pain, mental anguish, bodily injury, permanent damages, diminished life expectancy requiring medical care and treatment, disability, and medical and hospital expenses.

36. As a result of the negligence of the Defendant, Plaintiff Verna L. Latham has suffered loss of the love, care, guidance and support of her husband.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, in an amount which will compensate them for their injuries/damages sustained herein, for the costs of this action, and for such other and further relief as the Court deems just and reasonable.

Dated this 24th day of May, 2017.

        MERCALDO LAW FIRM

        /s/Carlo N. Mercaldo
        Carlo N. Mercaldo
        Ronald D. Mercaldo
        Marco B. Mercaldo
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

        Marco B. Mercaldo        marco@mercaldo.com

        Ronald D. Mercaldo        ron@mercaldo.com

        Carlo N. Mercaldo        carlo@mercaldo.com

The following Participants in this case will be served by U.S. Mail this date.

        Office of the Chief Counsel (02)
        Pacific District South
        Rona Lige
        650 E. Indian School Rd., Bldg. 24
        Phoenix, Arizona 85012

        Janet K. Martin
        Civil Chief
        Office of the U.S. Attorney
        405 W. Congress St., #4800
        Tucson, Arizona 85701

By:  /s/ Halley M. Lowry